**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**
**BID PROTEST FILED UNDER SEAL**

|  |  |  |
|---|---|---|
| CROMAN CORPORATION, | ) | |
|  | ) | |
| Plaintiff, | ) | |
|  | ) | |
| v. | ) | No. 12-75C |
|  | ) | (Judge George W. Miller) |
| THE UNITED STATES, | ) | |
|  | ) | |
| Defendant. | ) | |
|  | ) | |
| and | ) | |
|  | ) | |
| MOUNTAIN WEST HELICOPTERS, LLC, | ) | |
|  | ) | |
| and | ) | |
|  | ) | |
| COLUMBIA HELICOPTERS, INC., | ) | |
|  | ) | |
| and | ) | |
|  | ) | |
| SILLER HELICOPTERS, INC., | ) | |
|  | ) | |
| Defendant-Intervenors. | ) | |
|  | ) | |

**PLAINTIFF'S SUPPLEMENTAL BRIEF TO PLAINTIFF'S MOTION FOR JUDGMENT ON THE ADMINISTRATIVE RECORD IN THE WAKE OF THE AGENCY'S RESOLICITATION OF CANCELLED LINE ITEMS 21, 22, 27 AND 34**

RFP AG-02-4B-S-11-9001 ("RFP-9001"), as originally issued, sought offers for 34 Line Items. The solicitation covered the provision and operation of both Heavy and Medium Type I and Type II helicopters (distinctions based on the helicopter's size and related capacity to lift cargo). After submission of proposals, the Forest Service cancelled four of those Line Items: i.e., Nos. 21, 22, 27 and 34. Offerors were not advised of this partial cancellation of the

1

solicitation until after the award decisions were made.  At its debriefing on December 23, 2011, the Forest Service informed Croman Corporation ("Croman") that these Line Items had been cancelled to use the money saved to fund a new study for fixed wing aircraft.  Plaintiff's Motion for Judgment on the Administrative Record at 4, n.5.  However, in the Source Selection document, the Forest Service stated that the cancellation of the four Line Items was due to funding concerns and that the optimum number of aircraft had been determined to be thirty.  Administrative Record ("AR") 13394.

These conflicting (and at least partially disingenuous) statements notwithstanding, on May 14, 2012, the Forest Service issued a new solicitation, RFP No. AG-024B-S-12-9025 ("RFP-9025").  This new solicitation seeks offers for four Line Items relating to the provision and operation of both Heavy and Medium helicopters.  More specifically, the new solicitation calls the exact same services and equipment that were the subject of the partial cancellation of RFP-9001.

In its Complaint, Croman asserted that the Forest Service lacked a reasonable basis for partially cancelling RFP-9001.  This fact could hardly be evidenced more clearly than by the Forest Service's issuance of RFP-9025 <u>for the exact same services</u>.[1]

---

[1]There is one superficial difference between the solicitations that do not impact Croman's argument.  The four Line Items in the May 14, 2012 RFP state that the "host base" is to be Boise, Idaho.  <u>See</u> AR 16333 to AR 16339, RFP-9025 at § B-1, pp. B-2 to B-8.  In the original RFP, the individual Line Items were given discrete host bases.  <u>See</u> AR 47 to AR 113, RFP-9001 at § B-1, pp. B-2 to B-68.  The host bases listed in the solicitation are, however, of no great importance because contract permits the Contracting Officer to dispatch helicopters to alternate bases as needed.  <u>See, e.g.</u>, AR 170, RFP § C-41 (authorizing payment when the Contracting Officer dispatches a helicopter to an alternate base).  In fact, quite unsurprisingly, when there are substantial forest fires burning in areas other than near a helicopter's home base, the helicopter is quite frequently dispatched to an alternated base near those fires.  Therefore, though the new

It is well-established that an agency need only have a reasonable basis to cancel a solicitation and FAR Part 15.  See Madison Services, Inc. v. United States, 90 Fed. Cl. 673 (2009).  Conversely, however, if the cancellation lacks a reasonable basis, this Court has the power to enjoin the cancellation.  See Prineville Sawmill Co., Inc. v United States, 859 F.2d 905 (Fed. Cir. 1988); Wetsel-Oviatt Lumber Co. v. United States, 43 Fed. Cl. 748, 753 (Fed. Cl. 1999).

That said, the multiple reasons put forth by the Forest Service for the cancellation aside, to the extent that the Forest Service had a reasonable basis for partially cancelling RFP-9001, such as a lack of funds, as the issuance of the new RFP makes clear, **no such basis presently exists**.  Such being the case, as outlined below, the Forest Service's actions in not reinstating RFP-9001 and not obtaining its need for the four helicopters through a proper evaluation and award under RFP-9001 is arbitrary, capricious and otherwise contrary to law.

Although the FAR does not directly address the reinstatement of a procurement after cancellation, the Government Accountability Office ("GAO") has held that reinstatement of the RFP is the appropriate means obtaining the services in issue, Alternative House-Reconsideration, B-216331.2, 85-1 CPD ¶ 154; Bilt-Rite Contractors Inc., B-250106.2, 95-1 CPD ¶ 220, and that doing so promotes the integrity of the competitive bidding system.  Alternative House, B-216331.2, 85-1 CPD  ¶ 154.   Upon the reinstatement, offers may be revived even if, unlike the instant situations, bid prices have been revealed or the offerors' proposals have been returned.

---

RFP lists the host bases as Boise, Idaho, the helicopters awarded those Line Items will certainly be dispatched elsewhere as needed.

See Baker Manufacturing Co., 59 Comp. Gen 573, 80-2 CPD ¶ 1, proposals can be evaluated and awards made.[2]

While resolicitation may be appropriate if the original solicitation did not accurately reflect the government's needs, Logistics Solutions Group, Inc., B-294604.7, 2005 CPD ¶ 141, or if the government's needs changed since the issuance of the original solicitation. See TWI Inc., B-202966.4, 82-2 CPD ¶ 487. Neither is the case here. As noted, the agency's new RFP is soliciting offers for virtually the same exact services set out in the original solicitation. Under the circumstances, it is, therefore, improper for the Forest Service to go forward with a wholly new solicitation. See Alternative House, B-216331.2, 85-1 CPD 154. In Alternative House, after GAO ruled that the agency's cancellation of an RFP was improper and recommended that the agency reinstate the RFP, the agency, however, issued a new solicitation. GAO found that because there was "no significant differences" between the new RFP and the [one that was cancelled]" reinstatement of the original solicitation, not the issuance of a new one, was the appropriate means by which the agency should obtain the services in question. GAO reached this conclusion notwithstanding the fact that: of the three original offerors on the cancelled RFP only two remained interested in award, both of these offerors (including Alternative House)

---

[2]If, by the issuance of a new RFP, the Forest Service is looking to obtain lower prices it should be noted that this could be achieved simply by asking the remaining offerors under RFP-9001 for a revised best and final offer. If, by the issuance of a new RFP, the Forest Service is attempting to increase competition GAO has stated that (a) a RFP should not be cancelled based solely on speculation about possible increased competition. Environmental Protection Agency-Request for Modification of GAO Recommendation, 55 Comp. Gen. 1281 76-2 CPD ¶ 50 (1976), and (b) doing so in such circumstances, rather than reinstating the original RFP, denigrates integrity of the competitive system. See Alternative House, B-216331.2, 85-1 CPD ¶ 154.

4

submitted proposals under the new RFP and the new RFP engendered an offer from a company that had not bid on the original RFP.[3]

For exactly the same reasons, here reinstatement of Line Items 21, 22, 27 and 34 of RFP-9001 with a proper evaluation/award thereunder is the appropriate means to obtain the helicopter services in question.

For the reasons stated above, in addition to the relief requested in its Motion for Judgment upon the Administrative Record, Croman further asks this Court to:

a. Permanently enjoin the Forest Service from obtaining performance of the services covered by Contract Line Items 21, 22, 27 and 34 of RFP AG-02-4B-S-11-9001 (and RFP No. AG-024B-S-12-9025) to any company or companies other than to the properly evaluated offeror(s) whose proposal(s) provide(s) the government the best value pursuant to and consistent with the terms of RFP AG-02-4B-S-11-9001 for Contract Line Items 21, 22, 27 and 34.

Such relief is appropriate because, if the agency is permitted to secure its needs under RFP-9025, not only does Croman run the substantial risk of irreparable harm but the integrity of the competitive systems will be undermined as well. That is, the new RFP will potentially allow new offerors to submit offers for the exact same services that the Forest Service initially sought in RFP-9001. To allow these new offerors the chance to enter the competition at this stage is tantamount to countenancing the submission of late bids. <u>Alternative House</u>, 85-1 CPD ¶ 154.

---

[3] In this regard, GAO concluded that, "consideration of offerors which had an opportunity to submit a proposal for the original RFP and did not do so, is, in effect, allowing the submission of proposals which would otherwise be late and not for consideration."

An injunction against the procurement of the four Line Items pursuant to RFP-9025 is also therefore in the public interest since it will maintain the integrity of the competitive system. Moreover, if the Forest Service is permitted to go forward with awards and performance, and under RFP-9025 it will incur cost and delay in obtaining the services that it otherwise could have obtained under the original solicitation. The timing of this new RFP calls for the submission of proposals by May 30, 2012. Even if the procurement of these four Line Items goes without any hitch, e.g., if no offeror files an additional protest, there is no automatic stay of performance thereunder and/or there are no other delays in awarding the line items, the Forest Service will only barely be able to mobilize the helicopters for these four Line Items by the beginning of the desired term of the contract. On the other hand, if the four Line Items are reinstated in RFP-9001, the awards could be made much more efficiently to the proper awardee(s).

All remaining offerors on Line Items 21, 22, 27 and 34 of the original solicitation could be easily contacted to check availability of equipment and their willingness to rekindle their offers. While some offerors, after not having obtained one of the cancelled Line Items, may well have placed their helicopter(s) elsewhere, as GAO opined in Alternative House, this potential reduction in competition is not a basis to avoid reinstatement. Moreover, any such reduction in the remaining pool of viable offerors on RFP-9001 would make the selection of the offeror(s) submitting the best value for Line Items 21, 22, 27 and 34 easier to identify.

Failing an immediate award for these services under RFP-9001, the Forest Service could still obtain any necessary coverage by obtaining these services under one of the Call When Needed contracts that it has with many helicopter companies. See Plaintiff's Motion at 40. Lastly, no third party would be in a position to complain if award under RFP-9025 is enjoined.

Indeed, any offeror that received an award under RFP-9025 not have been entitled to any such award, but for the improper cancellation and equally improper refusal to reinstate RFP-2001.

          Respectfully submitted,

          s/Alan I. Saltman
          SMITH, CURRIE & HANCOCK LLP
          1025 Connecticut Ave, N.W.
          Suite 600
          Washington, DC 20036
          Phone: (202) 452-2140
          Fax:    (202) 775-8217
          email: AISaltman@smithcurrie.com

          Attorney for Plaintiff

OF COUNSEL:

Stephen J. Kelleher
SMITH, CURRIE & HANCOCK LLP
1025 Connecticut Ave, N.W.
Suite 600
Washington, DC 20036
Phone: (202) 452-2140
Fax:    (202) 775-8217
email: SJKelleher@smithcurrie.com

Dated:  May 18, 2012

7