REDACTED VERSION

IN THE UNITED STATES COURT OF FEDERAL CLAIMS

BID PROTEST

| | |
|---|---|
| CROMAN CORPORATION,<br><br>        Plaintiff,<br><br>    v.<br><br>THE UNITED STATES,<br><br>        Defendant,<br><br>and<br><br>MOUNTAIN WEST HELICOPTERS, LLC,<br><br>and<br><br>COLUMBIA HELICOPTERS, INC.,<br><br>and<br><br>SILLER HELICOPTERS, INC.,<br><br>        Defendant-Intervenors. | Case No. 12-75C<br><br>Judge George W. Miller<br><br>Filed Under Seal on July 3, 2012 |

**DEFENDANT-INTERVENOR SILLER HELICOPTERS, INC.'S REPLY IN OPPOSITION TO CROMAN CORPORATION'S MOTION FOR JUDGMENT ON ADMINISTRATIVE RECORD AND IN SUPPORT OF ITS CROSS-MOTION FOR JUDGMENT ON ADMINISTRATIVE RECORD**

## **TABLE OF CONTENTS**

ARGUMENT ............................................................................................................................. 1

    I.    CROMAN HAS FAILED TO PROVE THAT IT HAS STANDING TO PURSUE THE PROTEST ................................................................................. 2

    II.   CROMAN HAS FAILED TO MEET ITS HEAVY BURDEN OF PROVING THE GOVERNMENT ACTED IRRATIONALLY ............................................... 4

    III.  CONCLUSION ................................................................................................. 7

## TABLE OF AUTHORITIES

**Cases**

Banknote Corp. of Am. v. United States
    365 F.3d 1345 (Fed.Cir. 2004) ................................................................................ 4

Brooks Range Contract Services, Inc. v. United States
    101 Fed. Ct. 699 (2011) ............................................................................................ 2

Impresa Construzioni Geom. Domenico Garufi v. United States
    238 F.3d 1324 (Fed.Cir. 2001) ................................................................................ 3

Labatt Food Serv., Inc. v. United States,
    577 F.3d 1375 (Fed. Cir. 2009) ........................................................................... 2, 3

Serco, Inc. v. United States
    81 Fed.Cl. 463 (2008) ........................................................................................... 6, 7

191.036-1289057.1

## ARGUMENT

Defendant-Intervenor SILLER HELICOPTERS, INC. ("Siller") hereby responds in opposition to the CROMAN CORPORATION's ("Croman") Motion for Judgment on the Administrative Record and in Support of its Motion for Judgment on the Administrative Record. Notwithstanding Croman's protestation to the contrary, and the RFP's unequivocal standard that "[e]valuation factors other than cost or price, when combined, are SIGNIFICANTLY MORE IMPORTANT THAN price in the award decision" (AR 282), Croman's arguments always twist back to its undying belief that because its evaluated price is less than Siller's, the Government erred in awarding Siller the contract for line item 23 of the subject procurement. Croman's claims, however, are more appropriate when reviewing the evaluation of bids calling for a specific task to be performed (i.e. supply materials or construct a building) for a set price, rather than a complex procurement which requires an evaluation of an estimate of what the cost will be depending on several factors (AR 280).

In this instance, the services called for by the RFP require highly technical capabilities and thus include an evaluation of factors such as aircraft performance, safety/risk management, etc. given the dangerous work performed in fighting forest fires, and an estimate of costs using multiple factors (AR 274-283). Croman's claim that it will save the Government money is incorrect because Croman does not properly take into account that Siller's helicopter is significantly more cost effective given Siller's lower price per pound to transport water to fight forest fires and the more than twice as much capacity of Siller's helicopter to carry that water.

As shown below, and as previously set forth in both the Government and Siller's opening briefs, Croman fails to meet its burden of proving that the Government acted irrationally in awarding Siller line item 23. To avoid continued duplication of arguments, Siller joins in the Government's response brief and, accordingly, does not address every contention of Croman in detail, but comments on certain issues in a somewhat condensed version as set forth below.

# I.
## CROMAN HAS FAILED TO PROVE THAT IT HAS STANDING TO PURSUE THE PROTEST

Croman continues to fail to show there was a substantial chance it would have received the contract award but for the alleged error in the procurement process, a prerequisite to proving standing. Labatt Food Serv., Inc. v. United States, 577 F.3d 1375, 1378 (Fed. Cir. 2009). Croman never argued in its opening brief that it has standing, making only a conclusionary reference to a substantial chance of being awarded the contract in the injunction section of the brief (Croman Opening Brief at 36), while, almost as an aside, briefly addressing some, but not all, of the bidders who could be awarded line item 23 if Croman's arguments are successful (see Croman Opening Brief at 17-18). [1]

In fact, Croman, to avoid its failure to prove it has standing, and to try to fit within a standing argument it never raised previously, keeps moving the target of its contentions. In addition to making the unsupported statement, again only in the injunction section of its opening brief, that "there is a substantial chance that not only would Croman have been awarded line item 23, but that it would also have been awarded one or more of the following line item 17, 28, 29, 30 32 and/or 33" (sic), Croman also requested an injunction permanently enjoining the Government from obtaining performance of the line items at issue from any company "other than Croman" (Croman Opening Brief at 35-36).

In its response brief, however, Croman is now claiming it does not have to show a substantial chance of receiving the award (see Croman Response at 7-8 in which Croman now argues that it has standing because "Croman may well be awarded one or more line items") [2].

---

[1] Accordingly, the Government argued in its opening brief, in which Siller joined, that Croman had failed to raise or establish standing, and, therefore, Croman waived its standing argument. (Government Opening Brief at 24-25; Siller Opening Brief at 1; See Brooks Range Contract Services, Inc. v. United States, 101 Fed. Ct. 699, 710 (2011).

[2] Notably, nowhere it its response brief does Croman actually contend that it has a substantial chance of receiving the award.

Croman also now requests an injunction from performance of the same line items, but no longer requests that the injunction exclude an award to Croman. (Croman Response at 40-41, where, by making a "more specific" request for an injunction that will preclude an award to Croman, Croman is acknowledging that it does not have a substantial chance of receiving the award).

Croman is all over the board, spending almost its entire standing argument in its response unsuccessfully trying to distinguish cases cited by the Government, but, in doing so, mistakenly relies on cases that do support its position. For example, Impresa Construzioni Geom. Domenico Garufi v. United States, 238 F.3d 1324 (Fed.Cir. 2001) does not stand for the proposition, as Croman argues, that Croman has standing because if it proves error by the Forest Service, the Forest Service will be required to re-evaluate the proposals and Croman "may well be awarded one or more line items" (Croman Response at 7-8). As explained by the Court of Appeals in Labatt Food Serv., Inc. v. United States, 577 F.3d 1375 (Fed. Cir. 2009), a bidder does not have standing under Impresa unless it can show how the government's error caused it "to suffer disparate treatment or particularized harm" Labatt, 577 F. 3d at 1380. ( In Impresa, the government had made an improper determination about the protestant's responsibility. Impresa, 238 F.3d at 1334).

The Labatt court further held that without a bidder showing that it, in particular, was damaged by the government's error, "there would be no such thing as error non-prejudicial to an economically interested offerer in a bid protest. We decline to adopt such a rule." Id.

Croman has not argued, and cannot show, that it suffered "disparate treatment or particularized harm". It simply wants an order requiring the Government to re-evaluate the proposals. Under Labatt, Croman has failed to meet its burden of proving standing.

Moreover, there were several other bidders on line item 23 besides Siller and Croman. As addressed in Siller's and the Government's opening briefs, Croman failed to show why it had a substantial chance of obtaining the award when HTS, Construction Helicopters, Rainier and Withrotor Aviation all submitted bids for line item 23.

For example, Rainier's total cost, price per pound and adjectival rating all were better than Croman's. (AR 16054). Croman has not shown that if Siller was removed from the evaluation, Croman, as opposed to Rainier, would have a substantial chance of being awarded line item 23. As Croman admits, the OM recommendations were not done in numerical order; therefore the Government's award to Rainier of line item 16 and to Siller of line item 23 does not mean Rainier could not be awarded line item 23 if Siller was not competing. The analysis cannot be performed in a vacuum (i.e., only looking at line item 23 by assuming all other awards will stay the same). Croman does not argue the facts that would support a claim of substantial chance because it knows it cannot meet the standard to prove standing.

## II.
## CROMAN HAS FAILED TO MEET ITS HEAVY BURDEN OF PROVING THE GOVERNMENT ACTED IRRATIONALLY

Croman has not shown the Forest Service's award to Siller was irrational. See Banknote Corp. of Am. v. United States, 365 F.3d 1345, 1351 (Fed.Cir. 2004). The Government explained in great detail the evaluation process in making the awards. (Government's Opening Brief at 34-54; AR 15992-16212). Croman continues to fail to acknowledge that through the computer optimization model (OM) there was a trade off of technical capabilities and price (divided into two criteria). (AR 16042-16044). While a trade off of each separate line item did not occur, (AR 16044), the record reflects that the OM allowed the Government to quantify precisely the trade offs between technical capacity, total cost and price per pound for the line items simultaneously to provide the best value to the Government, which is the stated purpose of the procurement. (AR 282 and 16043).

Croman's argument that the Forest Service's rejection of █████ Helicopters for line items 1-15 requires rejection of Siller's helicopter is meritless. Again, the Forest Service disqualified ███████ because the price of those helicopters, "compared

- 4 -

to other similar performing aircraft," was higher than the Forest Service was willing to pay. (AR 15994.) Croman ignores the reasoning for the Government's disqualification and focuses only on the evaluated cost (the simplistic theme of Croman's protest without proper consideration of any factors contrary to its argument). Croman cannot counter that Siller's helicopter awarded line item 23 is not a similar performing aircraft to Croman's. Therefore, the Government's reasoning for disqualifying ▋ aircraft because of its cost compared to "other similar performing aircraft" cannot be correlated to the evaluated cost difference between Siller's much higher technically capable helicopter and Croman's lower performing helicopter.

That Croman's helicopter met the minimum requirements for line item 23 does not make Croman's and Siller's helicopters "similar performing aircraft" which is necessary before one could compare the cost of those helicopters similar to the ▋ comparison, as Croman attempts to do on pages 25-26 of its Response brief. The fact remains that Siller's helicopter offers technical capabilities and capacity much higher than Croman's (which is undisputed and admitted by Croman—see, eg, Croman's Opening Brief at 17). Accordingly, the Government correctly did not disqualify Siller's helicopter since Siller's evaluated cost was not higher than similar performing aircraft. In fact, Siller's cost was lower than other similar performing aircraft[3] and, as noted, could deliver water to fires at a lower cost per pound than Croman's helicopter (AR 16054).

Croman improperly gives short shrift to Siller's lower price per pound to deliver water which unequivocally was part of the evaluation analysis. The Administrative Record and the SSA both reflect the inclusion of the consideration of Siller's lower price per pound in the evaluation of the bids. (AR 275—price per pound to transport water is the "Best Value Formula'--and 16213, where the SSA determined that "Each of the 15 awards reflects the best overall

---

[3] Compare Siller's ▋ total cost for its ▋ bid as line item 23 to the ▋ bid by ▋ for its ▋ (AR 16054; See also Government's Opening Brief at 48, footnote 18). ▋

- 5 -

value to the Government"). The Government's reliance on price per pound, therefore, was not stated only in a post hearing brief as asserted by Croman.

By awarding to Siller, with its ▮ lb. payload capacity to carry water, Siller's helicopter can deliver more than twice as much water to a fire than can Croman's with its ▮ lb. payload (AR 11540 and 4400). Put another way, Siller can deliver water to a fire in ½ the number of trips and is therefore much more cost efficient. Accordingly, Siller can either deliver more water to a fire, or be available to fight another fire. These benefits, based on Siller's obvious higher payload capacity and lower price per pound, were clearly a consideration in the award as both these factors were included in the data required and reviewed by the Forest Service.

Croman's failure to take into consideration Siller's greater payload capacity and lower price per pound and the resulting significance thereof as described above results in Croman's misplaced reliance on cases such as Serco Inc. v. United States, 81 Fed.Cl. 463 (2008). As noted by the Government in its opening brief, there are several reasons why Serco is distinguishable from the present matter, including the evaluation of objective factors that were not present in Serco and the "important caveat" in Serco that increased the importance of cost in the evaluation, not applicable here. (Government Opening Brief at 44-48). Additional distinctions include that the Government, in Serco, awarded contracts to the 59th, 60th and 61st highest proposals out of 62 bids received, thereby calling into question whether price was appropriately considered. Serco, 81 Fed. Ct. at 464. The contracts awarded here certainly did not go to the highest bidders (AR 16046-16060), which would not have been improper in any event given non-price factors were significantly more important than price in the evaluation process (AR 282).

Moreover, the Government, in Serco, only compared the difference between the bidder's technical superiority and the price to be paid. To elucidate the difference between Serco and this procurement, here there are multiple cost factors, including the price per pound, which were part of the evaluation process used by the Forest Service, and which the Forest Service compared in making the awards. Serco did not include in its evaluation of cost anything but a total cost. In

this instance, the price per pound, the additional cost factor, favors Siller, not Croman, so it is not simply a matter, as in Serco, of comparing one bidder's greater technical superiority against another's lower cost. Here, Siller had the advantage not only of higher technical superiority but also a lower price per pound, while Croman's evaluated price was lower. The OM analysis here took these differences into account, a circumstance not even available in the evaluation process in Serco.

## III.
## CONCLUSION

Croman has failed to show it has standing or that the Government's awards were arbitrary, capricious, an abuse of discretion or otherwise not in accordance with law. In demanding an injunction, Croman also ignores the harm that will be suffered by the intervenors such as the profits they will lose if an injunction is granted, and the harm to the public if Siller's helicopter for line item 23, with its larger capacity, is not available to fight fires in the Fresno/Porterville area. Siller Helicopters requests the court to deny Croman's motion and grant Siller Helicopters' cross-motion for judgment on the administrative record.

Dated: July 3, 2012                    MURPHY AUSTIN ADAMS SCHOENFELD LLP


                                       By: s/ V. Blair Shahbazian
                                           V. BLAIR SHAHBAZIAN

                                       Murphy Austin Adams Schoenfeld LLP
                                       304 "S" Street
                                       Sacramento, CA  95811

                                       Telephone:    (916) 446-2300
                                       Facsimile:    (916) 503-4000
                                       Email:  bshahbazian@murphyaustin.com

                                       Attorneys for Defendant-Intervenor
                                       SILLER HELICOPTERS, INC.