# IN THE UNITED STATES COURT OF FEDERAL CLAIMS
## BID PROTEST FILED UNDER SEAL

|  |  |
|---|---|
| CROMAN CORPORATION, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 12-75C |
| ) | (Judge George W. Miller) |
| THE UNITED STATES, ) | |
| ) | |
| Defendant. ) | |
| ) | |
| and ) | |
| ) | |
| MOUNTAIN WEST HELICOPTERS, LLC, ) | |
| ) | |
| and ) | |
| ) | |
| COLUMBIA HELICOPTERS, INC., ) | |
| ) | |
| and ) | |
| ) | |
| SILLER HELICOPTERS, INC., ) | |
| ) | |
| Defendant-Intervenors. ) | |

## PLAINTIFF'S RESPONSE TO DEFENDANT'S MOTION TO STRIKE

Plaintiff, Croman Corporation ("Croman") hereby responds in opposition to Defendant's Motion to Strike at Section VIII, pages 35 to 37, of Defendant's Reply to Plaintiff's Response ("D's Reply") filed July 3, 2012 with this Court.

Attachment 1 of Plaintiff's Response and the portions of the brief related to it should not be struck because, contrary to Defendant's assertion at p. 36 of its Reply, Croman is not attempting to supplement the Administrative Record but rather has simply supplied the Court with a document directly related to RFP 9025 that will assist the Court in the adjudication of this case.

1

The Defendant's contention misstates Croman's position and is a misinterpretation of this Court's order of June 8, 2012.  First, nowhere in its Response does Croman state that it is moving this Court to supplement the Administrative Record.  Moreover, Croman fully acknowledges that the Court did not admit RFP 9025 as part of the Administrative Record and Croman is not ignoring or trying to circumvent that Order.

In its June 8, 2012 Order, this Court stated that it was permitting "RFP 9025 to become part of the record before the Court because the Court may later conclude that RFP 9025 should be considered in adjudicating plaintiff's claims."  Order at 2.  Likewise, Croman included the Award Letter in its Response because, like the RFP 9025, it is relevant and should be considered in the adjudication of Croman's claims  Accordingly, the Court, as it did in its June 8, 2012 Order, should permit the Award Letter to be included in the record before the Court.

The Defendant, however, asserts that "the purpose of receiving the 2012 RFP into the Court's record no longer exists," and that for the same reason both the Award Letter and the related portion of Croman's brief should be stricken from the record.  D's Reply at 37. The Defendant is wrong.  That the Forest Service has made award under RFP 9025 and none of those awards were made to Croman are not only facts of which the Court should be aware but more importantly do not change the fact that, just as Croman has asserted, the Forest Service lacked a reasonable basis for the cancellation of line items 21, 22, 27 and 34 of RFP 9001 (which were re-solicited under RFP 9025)

For the reasons set forth above, Defendant's Motion to Strike should be denied.

        Respectfully submitted,

        s/Alan I. Saltman
        SMITH, CURRIE & HANCOCK LLP
        1025 Connecticut Ave, N.W.
        Suite 600
        Washington, DC 20036
        Phone: (202) 452-2140
        Fax:    (202) 775-8217
        email: AISaltman@smithcurrie.com

        Attorney for Plaintiff

OF COUNSEL:

Stephen J. Kelleher
SMITH, CURRIE & HANCOCK LLP
1025 Connecticut Ave, N.W.
Suite 600
Washington, DC 20036
Phone: (202) 452-2140
Fax:    (202) 775-8217
email: SJKelleher@smithcurrie.com

Dated:  July 11, 2012